UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAURA RYGIELSKI,  Case No. 23-CV-3395 (PJS/TNL)

        Plaintiff,

v.  ORDER

SIGHTLINE COMMERCIAL SOLUTIONS
LLC, JAVON R. BEA, and JAVON D. BEA,

        Defendants.

    Stephen Premo, PREMO FRANK PLLC, for plaintiff.

    Kurt Erickson, LITTLER MENDELSON, P.C., for defendants.

    This matter is before the Court on the motion of defendants Sightline Commercial Solutions LLC ("Sightline"), Javon R. Bea, and Javon D. Bea to dismiss several of the counts of plaintiff Laura Rygielski's second amended complaint. The Court held a hearing on the motion on March 5, 2024. For the reasons stated on the record at the hearing, the Court grants the motion in part and denies the motion in part. To briefly summarize:

    Defendants argue that Rygielski's reprisal claim against Javon R. Bea and Javon D. Bea under the Minnesota Human Rights Act ("MHRA") should be dismissed because Minn. Stat. § 363A.15 does not allow for liability against individuals. The Court reads the statute differently. The statute provides that "[i]t is an unfair discriminatory

practice for *any individual* who participated in the alleged discrimination" in one of a number of possible capacities (including as a "perpetrator") "to intentionally engage in any reprisal against any person . . . ."  Minn. Stat. § 363A.15 (emphasis added).  The statute clearly imposes liability on individuals, and thus the Court will deny defendants' motion to dismiss Count Three.

The Court will also deny defendants' motion to dismiss Rygielski's discrimination claim under the Family and Medical Leave Act ("FMLA") as alleged in Count Seven.  Defendants argue that Rygielski cannot maintain her FMLA discrimination claim because she has not sufficiently alleged that she followed her employer's FMLA policy.  The Court does not believe that defendants are correct as a legal matter, but, at this point, the Court does not even know whether defendants' premise is true, given the apparent dispute between the parties about whether and at what times Sightline's FMLA policy was in effect.  The Court concludes that it must wait for a full factual record to be developed before addressing whether a policy was in effect, whether Rygielski complied with the policy, and whether Rygielski's claim would be barred by any noncompliance.  As for defendants' argument that Rygielski has not plausibly alleged a causal connection between her medical absences and her termination, the Court notes that she has alleged that Javon R. Bea explicitly cited her

medical absences as one of the reasons for firing her; that is more than sufficient to plead a causal connection between the medical absences and the firing.

The Court will, however, grant defendants' motion to dismiss the FMLA retaliation claim asserted in Count Seven.  Rygielski claims that she was fired because she opposed the termination of another employee who had exercised his FMLA rights at some point in the past.  But that is the extent of what she alleges in the second amended complaint:  That the employee took medical leave (she does not actually allege that it was FMLA leave) at some point (she does not allege when) and later returned to work (she does not say how much later); that she was encouraged to terminate that employee (based on his complaints of race discrimination and his request for disability accommodations) in December 2022; that she refused; and that she was terminated three months later.  These allegations are not sufficient to make plausible Rygielski's claim that defendants wanted to fire the employee because he took FMLA leave and decided to fire her because she would not terminate the employee for taking FMLA leave.  The Court will therefore dismiss Count Seven insofar as it pleads an FMLA retaliation claim.

With respect to Rygielski's breach-of-contract claim, defendants persuasively argue that the integration clause in Rygielski's employment contract bars her from introducing evidence of any previously agreed-upon terms of employment, and that the

parties did not reach a later oral agreement to modify the written agreement. But the Court concludes that the argument is best addressed on a full factual record. The Court will thus deny defendants' motion to dismiss Count Nine, as the exact nature of the conversations between Rygielski and defendants is critical to resolving this issue.

Finally, the Court will deny the motion to dismiss the tortious-interference claim in Count Ten, as Rygielski's allegations regarding her refusal to improperly add Javon D. Bea and Matthew Williams to Sightline's healthcare plan could conceivably meet the malice standard set forth in *Nordling v. N. States Power Co.*, 478 N.W.2d 498 (Minn. 1991).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 25] is GRANTED IN PART and DENIED IN PART.

2. The motion to dismiss is GRANTED as to the retaliation claim in Count Seven of the second amended complaint [ECF No. 24]. That claim is DISMISSED WITHOUT PREJUDICE.

3. The motion is DENIED in all other respects.

Dated: March 6, 2024

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court